## Hillegass' Petition

*William Samuel Hillegass, Jr.*, petitioner.

DIEFENDERFER, J., June 30, 1947.—This case was presented upon a petition filed under section 315 of the Nationality Act of October 14, 1940, 54 Stat. at L. 1137, by William Samuel Hillegass, Jr., for naturalization, on behalf of his son, William Samuel Hillegass, 3rd, who was born June 15, 1945, in Cambridge, England. Petitioner, the father, was born October 26, 1924, in the United States, and his son lawfully entered the United States for permanent residence on March 2, 1946.

The question presented is whether or not the beneficiary child is an alien or a national of the United States eligible for naturalization. From the presentation of the facts by Mr. George B. Halberstadt, examiner for the United States Government, and concurred in by William Samuel Hillegass, Jr., and his wife, the mother of William Samuel Hillegass, 3rd, the court makes the following

*Adjudication and findings of fact*

1. William Samuel Hillegass, Jr., was born October 26, 1924, in the United States and on January 6, 1945, he was married to a native and national of England, and the beneficiary child, William Samuel Hillegass, 3rd, was born in England on June 15, 1945.

2. William Samuel Hillegass, Jr., and his wife are the natural parents of the beneficiary child.

3. Petitioner served in the United States Army and was honorably discharged therefrom on September 22, 1945, having served overseas for 21 months. Evidence of his residence in the United States was established by the Government until at least November 5, 1942.

4. The petition was filed under the provisions of section 315 of the Nationality Act of 1940, which provides for the naturalization of minor children where the child did not acquire citizenship by reason of birth to a native citizen in view of the fact that one of the parents was not a citizen at the time of birth of the beneficiary child.

5. The petition was filed June 13, 1946, at which time, the examiner who conducted the preliminary hearing recommended the granting of the petition. No formal recommendation was made inasmuch as the court was not sitting at that time and the case was held pending the next regular hearing date.

6. On July 31, 1946, Congress enacted legislation which the United States Department of Justice Immigration and Naturalization Service indicated pertained to the citizenship of the child here in question.

7. The child's name is William Samuel Hillegass, 3rd.

8. The petitioner was born in the United States October 26, 1924, and entered the military service of the United States after December 7, 1941, was sent overseas and was married in England while serving in the armed forces. Issue of this marriage, William Samuel Hillegass, 3rd, was born in Cambridge, England, on June 15, 1945.

## Question involved

Specifically, the question involved is whether the beneficiary child may be considered to have acquired United States citizenship at birth on June 15, 1945, under provisions of section 201 (i) of the Nationality Act of 1940, as amended.

## Discussion

Section (*i*) was added to the original act by the Act of July 31, 1946, 60 Stat. at L. 721. Section 201, insofar as it needs here be considered, now reads as follows:

"Section 201. The following shall be nationals and citizens of the United States at birth:

"(*i*) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who has served or shall serve honorably in the armed forces of the United States after December 7, 1941, and before the date of the termination of hostilities in the present war as proclaimed by the President or determined by a joint resolution by the Congress and who, prior to the birth of such person, has had ten years' residence in the United States or one of its outlying possessions, at least five of which were after attaining the age of twelve years, the other being an alien: . . ."

The original effective date of the Nationality Act of 1940 was January 13, 1941. The framers of the law intended that the nationality act generally was to be regarded as prospective in application (House Committee Print, seventy-sixth Congress, first session, par. 1, p. 14, Nationality Laws of the United States). The question now presented is whether Congress, in adding subsection (*i*) to section 201, intended that the new subsection should have a retrospective as well as a prospective effect, so that the child of a citizen parent, the latter being within the terms of subsection (*i*), shall now be held to have been a citizen of the United States at birth, even though such birth occurred prior to July 31, 1946, the date on which subsection (*i*) was added to section 201.

The Act of July 31, 1946, was an amendatory act and was designed to be remedial in nature; consequently, it should be construed retroactively if the legislative

intent clearly indicates that such operation was intended (2 Sutherland, Statutory Construction 135). It is well settled that the primary rule of construction of statutes is to ascertain and give effect to the legislative intent (Ozawa v. United States, 260 U. S. 178); the beneficial provisions of a remedial statute are not to be obstructed by a technical interpretation not within the mind of Congress: Pleasants v. United States, 22 F. Supp. 964, aff'd 305 U. S. 357.

The Nationality Act, sec. 201(g), provides for the acquisition of citizenship at birth of a child, one of whose parents is a citizen of the United States. Under that provision, as enacted and as it now reads, a foreign born child cannot acquire citizenship through his citizen parent, if the parent is under the age of 21 years when the child is born. This, because the parent cannot fulfill the requirements that prior to the birth of his child he shall have had five years' residence in the United States or one of its outlying possessions after attaining the age of 16 years. These strict provisions imposed a harsh penalty upon the children of citizen fathers who were sent abroad as members of the United States armed forces before attaining the age of 21 years.

Consequently, there was added to section 201 a new subsection, (i), for the express purpose of providing for the children of members of the armed forces who were born abroad before the citizen soldier parent reached the age of 21 years. It would appear that it was the intention of Congress to confer citizenship upon children of members of the armed forces and there is nothing in the congressional history of the bill to indicate that the benefits thereof were intended to apply only to children born after the effective date of the statute: Congressional Record, March 5, 1946, p. 1955; Congressional Record, July 22, 1946, p. 9823; Congressional Record, May 7, 1945, p. 4312.

The history of the legislation shows that the provisions of section 201(i) of the Nationality Act of 1940

are not limited to persons born after July 31, 1946, the date of the enactment of that subsection, but that citizenship is conferred thereby on persons born subsequent to December 7, 1941, if the citizen parent, at the time of the child's foreign birth, possessed the qualifications set forth in that subsection. Consequently, in the instant case, petitioning father having established that he is a citizen of the United States who resided therein for 10 years, at least five years of which were after attaining the age of 12 years, that he served honorably in the armed forces of the United States after December 7, 1941, and before the termination of hostilities, and the beneficiary child having been born subsequent to December 7, 1941, it appears that the latter has a claim to citizenship under section 201 (*i*) of the act.

In view of the above facts, circumstances and decisions, it is the opinion of this court that the beneficiary child is a citizen of the United States, under section 201 (*i*) of the Nationality Act of 1940.